IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                    Case No. 4:15cv104-RH/CAS

**GADSDEN COUNTY SCHOOL BOARD,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently filed eighteen cases in this Court.[1] In this case, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, and a motion requesting leave to proceed in forma pauperis, doc. 2.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill. Doc. 2. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer. Nevertheless, good cause has been

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; 4:15cv105, 4:15cv116, 4:15cv117, and 4:15cv119. In addition to those cases, Plaintiff also initiated case number 4:14cv332 in July of 2014.

shown and Plaintiff's in forma pauperis motion, doc. 2, is **Granted**.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, doc. 1, has been reviewed and is insufficient as filed.  The complaint is not on court forms as is required by the local rules of this Court.  N.D. Fla. Loc. R. 5.1(H).  In addition, the complaint also does not comply with Federal Rule of Civil Procedure 10(b).  Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances."  Fed. R. Civ. P. 10(b).  Plaintiff's complaint consists of three paragraphs which are not limited to a single set of circumstances.

The complaint alleges that on November 1, 2013, Plaintiff picked up his paycheck from his school and he claims he was given "the wrong check."  Doc. 1 at 1. Plaintiff claims the check was back dated to June 10, 2013.  *Id.*  Plaintiff then alleges that on November 14, 2013, he sent his mother to pick up his check and she was given two checks.  *Id.*  Plaintiff alleged that he held onto the June 2013 check for one year, until June 10, 2014, when he went to the Quincy State Bank.  *Id.* at 2.  Plaintiff alleges the check was cashed with "no problem."  *Id.*  Plaintiff contends "Defendants are robbing the bank."  *Id.*

Plaintiff's allegations are frivolous and do not allege the violation of Plaintiff's federal constitutional rights.  Plaintiff does not provide any allegations which reveal he was harmed in any way by the issuance of checks from the Gadsden County School Board.  Because Plaintiff's complaint provides no facts demonstrating a plausible claim, this case should be dismissed.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and any pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**